## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ROLOSNIP, LLC, a Georgia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-01840-MHC |
| ROOSTER PRODUCTS INT'L INC., a Texas Corporation, d/b/a THE ROOSTER GROUP and d/b/a ROOSTER MANUFACTURING SERVICES GROUP, | ) ) ) ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF ANNA R. PALMER

STATE OF GEORGIA

COUNTY OF FULTON

Before the undersigned officer, duly authorized by law to administer oaths,

comes ANNA R. PALMER, ESQ., who, being first duly sworn, deposed and said

that she has the legal capacity to give the within affidavit from personal knowledge

for all purposes permitted under law, and states that:

1.     My name is Anna R. Palmer.  I am an attorney licensed to practice

law in the State of Georgia and have been so since 2000.  My State Bar of Georgia

Number is 559838.  I am over the age of eighteen (18), suffer from no legal

disabilities, and have personal knowledge of the facts to which I have testified herein.

2.      I am a Partner in the Atlanta, Georgia office of the law firm Seyfarth Shaw LLP, located at 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.

3.      I am lead counsel for Defendant Rooster Products Int'l, Inc. ("Defendant" or "Rooster") in the above captioned case styled Rolosnip, LLC v. Rooster Products Int'l Inc., d/b/a The Rooster Group, and d/b/a Rooster Manufacturing Services Group, Case No. 1:14-cv-01840-MHC.

4.      On November 12, 2014, I caused Defendant Rooster's First Continuing Interrogatories and First Request for Production of Documents to be served on counsel for Plaintiff Rolosnip, LLC ("Plaintiff" or "Rolosnip"), Joel D. Myers, Esq. ("Mr. Myers"). [Dkt. No. 19].

5.      Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(a), and 6(d), Plaintiff's responses to Defendant's First Interrogatories and Request for Production of Documents were due no later than December 15, 2014.

6.      On December 17, 2014, I sent Mr. Myers an email informing him that Plaintiff's discovery responses were past due and inquiring as to the status of the responses.  (A true and accurate copy of the December 17, 2014 email is attached hereto as Exhibit A, with non-relevant portions redacted).

18954550v.1

7.     I never received a response to my December 17, 2014 email to Mr. Myers.

8.     On December 23, 2014, I received an email from Mr. Myers requesting an extension to respond to discovery until January 7, 2014. (A true and accurate copy of Mr. Myers' December 23, 2014 email is attached hereto as Exhibit B, with non-relevant portions redacted).

9.     On December 30, 2014, I responded to Mr. Myers' December 23, 2014 email stating that Defendant did not consent to the request for an extension to respond to discovery as the request was made after discovery responses were due and no reason was given for the after-the-fact request. (A true and accurate copy of my December 30, 2014 email is attached hereto as Exhibit C).

10.    On December 31, 2014, I received a response to my December 30, 2014 email from Mr. Myers. (A true and accurate copy of Mr. Myers' December 30, 2014 email is attached hereto as Exhibit D, with non-relevant portions redacted).

11.    Defendant did not receive any discovery responses by Plaintiff's promised (but objected to by Defendant) deadline of January 7, 2014.

12.    On January 15, 2015, in accordance with this Court's Standing Order [Doc. 20], my associate, Stephanie Stewart, called Ms. Julee G. Smilley,

18954550v.1

Courtroom Deputy Clerk for the Honorable Mark H. Cohen and informed her that Defendant had not received any responses to its discovery requests to Plaintiff.

13.    On January 15, 2015, Ms. Smilley sent an email to counsel of record informing him of the discovery dispute and inquiring from Mr. Myers as to his position regarding responding to discovery.  (A true and accurate copy of Ms. Smilley's January 15, 2015 email is attached hereto as Exhibit E).

14.    On January 15, 2014, Mr. Myers responded to Ms. Smilley's email stating that responses would be received by Defendant via email in 2 days (by January 17, 2015) and by hard copy by January 20, 2015.  (A true and accurate copy of Mr. Myers' January 15, 2015 email is attached hereto as Exhibit F).

15.    Defendant did not receive Plaintiff's discovery responses via email on January 17, 2015 or by hard copy on January 20, 2015.

16.    On January 21, 2015, Ms. Stewart called Ms. Smilley and informed her that Plaintiff did not respond to discovery.

17.    On January 21, 2015, Ms. Smilley sent counsel of record an email inquiring as to the status of Plaintiff's discovery responses.  (A true and accurate copy of Ms. Smilley's January 21, 2015 email is attached hereto as Exhibit G).

18.    On January 21, 2015, Mr. Myers emailed counsel and Ms. Smilley stating that discovery responses would be provided by the evening on January 21,

2015. (A true and accurate copy of Mr. Myers' January 21, 2015 email is attached hereto as Exhibit H).

19.    Plaintiff did not respond to discovery on the evening on January 21, 2015.

20.    On January 22, 2015, I sent an email to Ms. Smilley and Mr. Myers informing her that Plaintiff has still not responded to discovery. (A true and accurate copy of my January 22, 2015 email is attached hereto as Exhibit I).

21.    On January 22, 2015, Mr. Myers sent an email to Ms. Smilley informing her that responses to Defendant's First Continuing Interrogatories and First Request for Production of Documents would be produced to Plaintiff by that evening. (A true and accurate copy of Mr. Myers' January 22, 2015 email is attached hereto as Exhibit J).

22.    Defendant did not receive Plaintiff's discovery responses on January 22, 2015.

23.    On January 23, 2015, I received an email from Mr. Myers attaching the responses to Defendant's First Request for Production of Documents. I did not receive any responses to Defendant's First Continuing Interrogatories. Mr. Myers stated in the email that responses to Defendant's First Continuing Interrogatories would be produced by the evening on January 23, 2015. (A true and accurate copy of Mr. Myers' January 23, 2015 email is attached hereto as Exhibit K).

18954550v.1

24.     Defendant did not receive Plaintiff's responses to Defendant's First Continuing Interrogatories on January 23, 2015.

25.     On January 26, 2015, I received an email from Mr. Myers stating that he was putting the final touches on the interrogatory responses and should be producing them by the end of the day on January 26, 2015.  (A true and accurate copy of Mr. Myers' January 26, 2015 email is attached hereto as Exhibit L).

26.     Defendant did not receive Plaintiff's responses to Defendant's First Continuing Interrogatories on January 26, 2015.

27.     On January 27, 2014, I received an email from Mr. Myers stating that he may not have all of the information he needs to respond to the interrogatories and would send the substantially completed responses by the end of the day and supplement at a later date.  (A true and accurate copy of Mr. Myers' January 27, 2015 email is attached hereto as Exhibit M).

28.     Defendant did not receive Plaintiff's responses to Defendant's First Continuing Interrogatories on January 27, 2015.

29.     On January 29, 2015, Ms. Stewart called Ms. Smilley and informed her that Plaintiff did not produce responses to Defendant's First Continuing Interrogatories.

30.     On January 30, 2015, Ms. Smilley sent an email to all counsel of record to schedule a hearing regarding Plaintiff's failure to respond to discovery.

18954550v.1

(A true and accurate copy of Ms. Smilley's January 30, 2015 email is attached hereto as Exhibit N).

31.     A Discovery Hearing was scheduled for February 4, 2015 at 2:00PM in ATLA Courtroom 1905 before Judge Mark H. Cohen. [Notice of Hearing minute entry on Docket on February 2, 2015].

32.     As of the date of this affidavit, February 4, 2015, Plaintiff has not responded to Defendant's First Continuing Interrogatories.  (A true and accurate copy of Defendant's First Continuing Interrogatories is attached hereto as Exhibit O).

33.     The accounting records of Seyfarth Shaw LLP reflect that between December 15, 2014 and February, 2015, Defendant has incurred $5,422.00 in attorney's fees relating to its efforts in seeking responses from Plaintiff to Defendant's First Continuing Interrogatories and First Request for Production of Documents. (A summary of the fees incurred is attached hereto as Exhibit P).

34.     The aforementioned fees do not include the costs incurred after February 2, 2015, including the costs incurred in drafting this affidavit and preparing for the February 4, 2015 hearing.

35.     The aforementioned fees were necessary and reasonably incurred in connection with this firm's representation of Defendant in the above-captioned case relating to the above described discovery dispute.  The aforementioned fees

7

and expenses are reasonable and consistent with the fees charged by other lawyers

in the Atlanta metropolitan area for similar services.

This 4th day of February, 2015.

_____
Anna R. Palmer, Esq.

Sworn to and subscribed before me on
this 4 th day of February, 2015.

_____
Notary Public

My Commission Expires: 4/10/2018

SALYE M THORNTON
Notary Public, Georgia
Dekalb County
My Commission Expires
April 10, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROLOSNIP, LLC, a Georgia Limited Liability Company,** ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **Case No. 1:14-cv-01840-MHC** |
| **ROOSTER PRODUCTS INT'L INC., a Texas Corporation, d/b/a THE ROOSTER GROUP and d/b/a ROOSTER MANUFACTURING SERVICES GROUP,** ) ) ) ) ) ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I certify that on February 4, 2015, I filed the foregoing AFFIDAVIT OF ANNA R. PALMER with the Clerk of Court using the CM/ECF which automatically will provide service to the following counsel of record:

> Joel D. Myers, Esq.
> Myers & Associates, PC
> 400 Galleria Parkway, Suite 240
> Atlanta, Georgia 30339
> Email: myersiplaw@yahoo.com
> *Counsel for Plaintiff*

18954550v.1

This 4th day of February, 2015.

/s/ Rebecca A. Davis
Rebecca A. Davis
Georgia Bar No. 141711
rdavis@seyfarth.com

*Counsel for Defendant Rooster Products International, Inc. d/b/a The Rooster Group and d/b/a Rooster Manufacturing Services Group*

18954550v.1

# Exhibit A

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Palmer, Anna |
| **Sent:** | Wednesday, December 17, 2014 12:29 PM |
| **To:** | myersiplaw@yahoo.com |
| **Cc:** | Davis, Rebecca |
| **Subject:** | Rooster/Rolosnip: consolidation, discovery responses, document production |

Joel,

We have not received any response to our email of November 13, 2014, regarding Rolosnip's documents held at your offices. We would like to inspect and copy these documents at the earliest opportunity. Please advise when we can schedule this review.

We have not received your client's discovery responses which were due on Monday, December 15. Please advise.

Regards,

Anna

**Anna R. Palmer** | Seyfarth Shaw LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, Georgia  30309
Office:  404.888.1039
Cell:  404.803.0441
apalmer@seyfarth.com
www.seyfarth.com



**Seyfarth Shaw**
Top 5 Client Service A-Team – BTI Consulting
Top 10 Most Innovative Law Firms – *Financial Times*
Best Places to Work – Human Rights Campaign
Best Law Firms for Women – Working Mother
Thomas L. Sager Award for Diversity (Midwest) – MCCA

# Exhibit B

**Davis, Rebecca**

| | |
|---|---|
| **From:** | Joel Myers, Esq. <myersiplaw@yahoo.com> |
| **Sent:** | Tuesday, December 23, 2014 7:00 PM |
| **To:** | Palmer, Anna; Davis, Rebecca; Nick Guinn; John C. Cave; Marc Wiegand |
| **Cc:** | Joel Myers |
| **Subject:** | |
| **Attachments:** | |

Dear Counselors:

I apologize for the late response to the discovery and respectfully request an extension until January 7, 2015.

Joel

Joel D. Myers, Esq.

INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.
400 Galleria Pkwy

Suite 240
Atlanta, GA 30339
404.483.2400
myersiplaw@yahoo.com

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

# Exhibit C

**From:** "Palmer, Anna" <APalmer@seyfarth.com>
**To:** "'Joel Myers, Esq.'" <myersiplaw@yahoo.com>
**Cc:** "Davis, Rebecca" <RDavis@seyfarth.com>; Nick Guinn <nicholas.guinn@gunn-lee.com>; John C. Cave <john.cave@gunn-lee.com>; Marc Wiegand <marc@wiegandlawfirm.com>
**Sent:** Tuesday, December 30, 2014 9:36 PM
**Subject:** RE:

Joel,

This is in response to your request for an extension of time to respond to discovery served by Rooster. Rolosnip's discovery responses were due on December 15, 2014. Rolosnip's December 23 email request below for an extension was received after the deadline for Rolosnip's responses. As a result, we needed to confer with our client as to this request. My client does not consent to the requested extension. It would appear that Rolosnip elected to prepare the below Time Limited Demand Letter (TLDL) (consisting of approximately 14 letter pages, not including exhibits), with a stated response deadline for Rooster of December 31, 2014, rather than preparing its own discovery responses which were due on December 15. <u>No request for an extension was issued by Rolosnip prior to December 23 and no reason was given for the after-the-fact request. In fact, I sent you an email on December 17, 2014, informing you that Rolosnip's discovery was late and seeking a response. I received no response to that email. It would appear that Rolosnip instead focused on preparing and sending the TLDL in an attempt to force my clients to respond to a settlement offer without the benefit of Rolosnip's responses to discovery.</u>

We were understanding of Rolosnip's failure to timely issue its initial disclosures (due on September 25 and received October 30) in light of the personal circumstances you delineated in your October 27 email to me. However, we are troubled by Rolosnip's most recent failure to adhere to the deadlines of this court. We anticipate receiving Rolosnip's responses promptly.

Regards,
Anna

**Anna R. Palmer** | Seyfarth Shaw LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, Georgia  30309
Office:  404.888.1039
Cell:  404.803.0441
apalmer@seyfarth.com
www.seyfarth.com



**Seyfarth Shaw**
Top 5 Client Service A-Team – BTI Consulting
Top 10 Most Innovative Law Firms – *Financial Times*
Best Places to Work – Human Rights Campaign
Best Law Firms for Women – Working Mother
Thomas L. Sager Award for Diversity (Midwest) – MCCA

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Joel Myers, Esq. [mailto:myersiplaw@yahoo.com]
**Sent:** Tuesday, December 23, 2014 6:00 PM

# Exhibit D

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Palmer, Anna |
| **Sent:** | Friday, January 02, 2015 11:23 AM |
| **To:** | Stewart, Stephanie A |
| **Subject:** | |

**From:** Joel Myers, Esq. [mailto:myersiplaw@yahoo.com]
**Sent:** Wednesday, December 31, 2014 6:18 PM
**To:** Palmer, Anna
**Cc:** Davis, Rebecca; Nick Guinn; John C. Cave; Marc Wiegand
**Subject:** Re: R(

Anna,

Based on your client's contract history and now, litigation history, we are not surprised by your client's malicious refusal; it further reflects your client's stubborn litigiousness and intent to use whatever it can to avoid taking responsibility for its actions.

Their refusal and twisted justification for same is yet another perfect example of their modus operandi.  Rooster is fully aware and is already in possession of any document or record that Rooster may seek.  In addition, I informed you that all documents were at my office and ready for your inspection.  In fact, I even offered to copy them for you and send them to you for your convenience but never received a response.

Joel

Joel D. Myers, Esq.
INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.
400 Galleria Pkwy
Suite 240
Atlanta, GA 30339
404.483.2400
myerstrustlaw@yahoo.com

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** "Palmer, Anna" <APalmer@seyfarth.com>
**To:** "'Joel Myers, Esq.'" <myersiplaw@yahoo.com>
**Cc:** "Davis, Rebecca" <RDavis@seyfarth.com>; Nick Guinn <nicholas.guinn@gunn-lee.com>; John C. Cave <john.cave@gunn-lee.com>; Marc Wiegand <marc@wiegandlawfirm.com>
**Sent:** Tuesday, December 30. 2014 9:36 PM
**Subject:** I

Joel,
This is in response to your request for an extension of time to respond to discovery served by Rooster. Rolosnip's discovery responses were due on December 15, 2014. Rolosnip's December 23 email request below for an extension was received after the deadline for Rolosnip's responses. As a result, we needed to confer with our client as to this request. My client does not consent to the requested extension. It would appear that Rolosnip elected to prepare the below Time Limited Demand Letter (TLDL) (consisting of approximately 14 letter pages, not including exhibits), with a stated response deadline for Rooster of December 31, 2014, rather than preparing its own discovery responses which were due on December 15. No request for an extension was issued by Rolosnip prior to December 23 and no reason was given for the after-the-fact request. In fact, I sent you an email on December 17, 2014, informing you that Rolosnip's discovery was late and seeking a response. I received no response to that email. It would appear that Rolosnip instead focused on preparing and sending the TLDL in an attempt to force my clients to respond to a settlement offer without the benefit of Rolosnip's responses to discovery.

We were understanding of Rolosnip's failure to timely issue its initial disclosures (due on September 25 and received October 30) in light of the personal circumstances you delineated in your October 27 email to me. However, we are troubled by Rolosnip's most recent failure to adhere to the deadlines of this court. We anticipate receiving Rolosnip's responses promptly.

Regards,
Anna

**Anna R. Palmer** | Seyfarth Shaw LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, Georgia  30309
Office:  404.888.1039
Cell:  404.803.0441
apalmer@seyfarth.com
www.seyfarth.com



**Seyfarth Shaw**
Top 5 Client Service A Team – BTI Consulting
Top 10 Most Innovative Law Firms – *Financial Times*
Best Places to Work – Human Rights Campaign
Best Law Firms for Women – Working Mother
Thomas L. Sager Award for Diversity (Midwest) – MCCA

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Joel Myers, Esq. [mailto:myersiplaw@yahoo.com]
**Sent:** Tuesday, December 23, 2014 6:00 PM

# Exhibit E

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Julee_Smiley@gand.uscourts.gov |
| **Sent:** | Thursday, January 15, 2015 11:59 AM |
| **To:** | Palmer, Anna; myersiplaw@yahoo.com; Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products International, Inc. |

Counsel,

Pursuant to Judge Cohen's Standing Order [Doc.20], defense counsel
contacted the Court and indicated that there may be a discovery dispute for
the Court to resolve. Plaintiff has not responded to Defendant's
Interrogatories and Production of Documents [Doc. 19].

Before I bring this issue to Judge Cohen, I'd like to see if Plaintiff has
a response and/or will commit to a date certain to provide the documents
and respond to the interrogatories.   Mr. Myers, can you give me some idea
of Plaintiff's position?

If you have questions, please feel free to contact me.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Mark H. Cohen
julee_smilley@gand.uscourts.gov
404-215-1315

# Exhibit F

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Joel Myers, Esq. <myersiplaw@yahoo.com> |
| **Sent:** | Thursday, January 15, 2015 2:45 PM |
| **To:** | Julee_Smilley@gand.uscourts.gov; Palmer, Anna; myersiplaw@yahoo.com; Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | RE: 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products International, Inc. |

Ms. Smilley,

I have been preparing a letter to Defendant's Counsel that addresses this issue and a few others that I will be sending to them today via email so they will have before close of business today.  In said letter, I stated that we will have said responses to them via email in 2 days and via hard copy by this Tuesday, January 20, 2015 (since Monday is a Federal Holiday).  Let me know if this is acceptable and/or you need any additional information.

Thank you.

Joel Myers


Sent from my T-Mobile 4G LTE Device


-------- Original message --------
From: Julee_Smilley@gand.uscourts.gov
Date:01/15/2015 11:59 AM (GMT-05:00)
To: apalmer@seyfarth.com, myersiplaw@yahoo.com, rdavis@seyfarth.com, sastewart@seyfarth.com
Cc:
Subject: 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products International, Inc.


Counsel,

Pursuant to Judge Cohen's Standing Order [Doc.20], defense counsel
contacted the Court and indicated that there may be a discovery dispute for
the Court to resolve.  Plaintiff has not responded to Defendant's
Interrogatories and Production of Documents [Doc. 19].

Before I bring this issue to Judge Cohen, I'd like to see if Plaintiff has
a response and/or will commit to a date certain to provide the documents
and respond to the interrogatories.   Mr. Myers, can you give me some idea
of Plaintiff's position?

If you have questions, please feel free to contact me.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Mark H. Cohen

julee_smilley@gand.uscourts.gov
404-215-1315

# Exhibit G

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Julee_Smilley@gand.uscourts.gov |
| **Sent:** | Wednesday, January 21, 2015 10:13 AM |
| **To:** | Joel Myers, Esq. |
| **Cc:** | Palmer, Anna; Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | RE: 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products International, Inc. |

Mr. Myers,

I received a voice message from Stephanie Stewar with Seyfarth Shawt that
Plaintiff has still not provided the documents agreed to in the schedule
you provided in your email below.  Before I report to Judge Cohen, I wanted
to verify with you that the documents have not been provided.

Please respond no later than noon today.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Mark H. Cohen
julee_smilley@gand.uscourts.gov
404-215-1315


From:   "Joel Myers, Esq." <myersiplaw@yahoo.com>
To:      Julee_Smilley@gand.uscourts.gov, apalmer@seyfarth.com,
         myersiplaw@yahoo.com, rdavis@seyfarth.com,
         sastewart@seyfarth.com
Date:    01/15/2015 02:45 PM
Subject:RE: 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products
         International, Inc.


Ms. Smilley,

I have been preparing a letter to Defendant's Counsel that addresses this
issue and a few others that I will be sending to them today via email so
they will have before close of business today.  In said letter, I stated
that we will have said responses to them via email in 2 days and via hard
copy by this Tuesday, January 20, 2015 (since Monday is a Federal Holiday).
Let me know if this is acceptable and/or you need any additional
information.

Thank you.

Joel Myers

Sent from my T-Mobile 4G LTE Device


-------- Original message --------
From: Julee_Smilley@gand.uscourts.gov
Date:01/15/2015 11:59 AM (GMT-05:00)
To: apalmer@seyfarth.com, myersiplaw@yahoo.com, rdavis@seyfarth.com,
sastewart@seyfarth.com
Cc:
Subject: 1:14-cv-01840-MHC Rolosnip, LLC v. Rooster Products International,
Inc.


Counsel,

Pursuant to Judge Cohen's Standing Order [Doc.20], defense counsel
contacted the Court and indicated that there may be a discovery dispute for
the Court to resolve.  Plaintiff has not responded to Defendant's
Interrogatories and Production of Documents [Doc. 19].

Before I bring this issue to Judge Cohen, I'd like to see if Plaintiff has
a response and/or will commit to a date certain to provide the documents
and respond to the interrogatories.   Mr. Myers, can you give me some idea
of Plaintiff's position?

If you have questions, please feel free to contact me.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Mark H. Cohen
julee_smilley@gand.uscourts.gov
404-215-1315

# Exhibit H

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Julee_Smiley@gand.uscourts.gov |
| **Sent:** | Wednesday, January 21, 2015 1:33 PM |
| **To:** | Stewart, Stephanie A |
| **Subject:** | Fw: Rooster/Rolosnip cases - Motion to Consolidate |

----- Forwarded by Julee Smiley/GAND/11/USCOURTS on 01/21/2015 01:32 PM
-----

From:   "Joel Myers, Esq." <myersiplaw@yahoo.com>
To:     "julee_smiley@gand.uscourts.gov"
        <julee_smiley@gand.uscourts.gov>
Date:   01/21/2015 12:38 PM
Subject:Fw: Rooster/Rolosnip cases - Motion to Consolidate

Ms. Smilley,

I apologize.  I meant to cc you on the email below that I sent the opposing
counsel as soon as I returned.  Please see below.  I am working on
finishing them and will have them the responses today (late tonight).

Joel Myers

Myers & Associates, P.C.
581 Salem Woods Drive
Marietta, GA 30067
470-328-3128
myersiplaw@yahoo.com

This email message and any attachments are for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any
unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email
and destroy all copies of the original message and any attachments. Thank
you.

----- Forwarded Message -----
From: "Joel Myers, Esq." <myersiplaw@yahoo.com>
To: Marc Wiegand <marc@wiegandlawfirm.com>; "Davis, Rebecca"
<RDavis@seyfarth.com>
Cc: "John C. Cave (John.Cave@gunn-lee.com)" <John.Cave@gunn-lee.com>;

"Nick Guinn (Nick@Gunn-Lee.com)" <Nick@Gunn-Lee.com>; "Palmer, Anna"
<APalmer@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>;
Amy Lopez <amy@wiegandlawfirm.com>
Sent: Wednesday, January 21, 2015 6:02 AM
Subject: Re: Rooster/Rolosnip cases - Motion to Consolidate

Ladies and Gentlemen,

I sincerely apologize for the delay in getting you the responses to your
Request to Produce and Interrogatories especially in view of my promise to
get those to you this past weekend.  Through a series of unfortunate
events, my son and I got stranded in the mountains of VA, more
specifically in Abingdon, VA for four days and just got home about an 2
hours ago.

My son is one of the Goalies on a travel hockey team out of Atlanta,
wherein his team had their biggest hockey tournament of the year up in
Pittsburgh , PA.  His Mother was scheduled to drive him there on Friday
of last week when I received a distressed call that her car had some
serious mechanical issue and could not be fixed in time to get him to the
tournament which was starting the next day about 15 hours later.  Because
flights were not an option by that point, and the drive was 11-13 hours, I
immediately grabbed a change of clothes, my son and his items and we
headed to Pittsburgh.  At about 2 am on Hwy 81 while we were traveling in
the VA mountains,  my son and I smelled plastic burning and decided to
pull off the freeway so that I could check it out.  When we did, it became
obvious that our vehicle was on fire.  We immediately exited the vehicle
and called 911.  After several hours, we finally made it to a hotel;
however, to compound an already bad night, in all the haste, I had
misplaced my wallet with my id, my cash and my credit cards, thus making
it very difficult for us to get a room.  The first two places we tried
refused to rent us a room.   Not only was getting a room a challenge, we
couldn't get a rental car or a flight and ended up stuck there for 4 days
when yesterday a family member traveled 7 hours to pick us up.  We
literally just got back a couple hours ago.

Now that I have the file, I am continuing to work on the responses and
will get same to you today (it maybe late tonight).  Again, I sincerely
apologize and to the extent it is needed to respond to our settlement
offer, we gladly extend our deadline to this Friday, January 23, 2015.



Thank you.

Joel


From: Marc Wiegand <marc@wiegandlawfirm.com>
To: "Davis, Rebecca" <RDavis@seyfarth.com>; "myersiplaw@yahoo.com"
<myersiplaw@yahoo.com>
Cc: "John C. Cave (John.Cave@gunn-lee.com)" <John.Cave@gunn-lee.com>;

# Exhibit I

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Palmer, Anna |
| **Sent:** | Thursday, January 22, 2015 11:33 AM |
| **To:** | Julee_Smilley@gand.uscourts.gov |
| **Cc:** | Davis, Rebecca; Stewart, Stephanie A; myersiplaw@yahoo.com |
| **Subject:** | FW: Rooster/Rolosnip cases - Motion to Consolidate |

Ms. Smilley,

Thank you for your assistance yesterday in communicating with Mr. Myers regarding Rolosnip's delinquent discovery responses. Rolosnip's discovery responses were due on December 15, 2014. Mr. Myers represented to this Court on Thursday, January 15, 2015 that the responses would be delivered by email within two days. Mr. Myers then stated that the responses would be delivered late yesterday. We have not received the responses.

In the intervening weeks following the date on which discovery was due and the present (Dec. 15-Jan 22), Rolosnip has issued lengthy letters to Rooster (14-page letter issued on Dec. 20 and 10-page letter issued on Jan. 15), demanding responses from Rooster on an accelerated schedule in both instances. Rolosnip has elected to spend its time issuing letters to Rooster rather than meeting its discovery obligations.

Rooster has contended with Rolosnip's delays on more than one occasion. Rolosnip's Initial Disclosures were due on September 25, 2014 and were not delivered until October 30, 2014, after multiple communications to Rolosnip regarding the delinquency. (Mr. Myers issued a lengthy email regarding personal circumstances that delayed the delivery of the Initial Disclosures. We were understanding and accommodating of those personal circumstances and did not bring that to the Court's attention at the time.) However, a pattern of failure to adhere to the rules of the Court is becoming apparent. At this point, we believe the Court's intervention to be necessary. We would be grateful if you could bring this to Judge Cohen's attention at your earliest convenience.

Many thanks.

Anna Palmer




Anna R. Palmer
Atlanta | Ext: 711039 (+1-404-888-1039) | Mobile: +1-404-803-0441
apalmer@seyfarth.com


-----Original Message-----
From: Julee_Smilley@gand.uscourts.gov [mailto:Julee_Smilley@gand.uscourts.gov]
Sent: Wednesday, January 21, 2015 1:33 PM
To: Stewart, Stephanie A
Subject: Fw: Rooster/Rolosnip cases - Motion to Consolidate


----- Forwarded by Julee Smilley/GAND/11/USCOURTS on 01/21/2015 01:32 PM

# Exhibit J

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Joel Myers, Esq. <myersiplaw@yahoo.com> |
| **Sent:** | Thursday, January 22, 2015 12:45 PM |
| **To:** | Julee_Smilley@gand.uscourts.gov; Palmer, Anna |
| **Cc:** | Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | Re: FW: Rooster/Rolosnip cases - Motion to Consolidate |

Ms. Smilley,

Previously, when Rooster's counselors asked for the Courts assistance, I did not go into detail in my response as I sincerely hoped and expected to have the responses finalized and served by last Saturday and as such, I simply provided a date that I was confident of being able to provide said responses and not waste the Court's time and resources with the background.   However, based on Rooster's insistence on painting my delay as intentional and including the Court, I provide the following in response to their email.

In regards to not meeting this past Saturday's date, as previously explained to Counselor, my son and I, while trying to get my son to Pittsburgh for his team's hockey tournament, had an automobile fire while going through the mountains of Virginia leaving us stranded in a small town for 4 days without transportation, credit cards, money, cell phones, computer or identification.  It wasn't until a family member was able to drive 7 hours to come get us that we were able to return. We didn't return until early Wednesday morning about 3:00 am.  I immediately sent an email to all of Rooster's counselors explaining what had happened and apologizing; despite same counselor still contacted the Court. I did optimistically advise that I would be done with our responses by late last night; although I worked through the night, I am still a few hours away from finishing same.

 As for missing the original due date, aid Responses to Rooster's Request to Produce and Interrogatories were misdocketed and it wasn't until I read Ms. Palmer's email (I believe on the 19th of December) she had sent on December 17, 2014, asserting that the Responses were due on the 15th, that I learned of the possible error. I immediately looked into her claim and concluded that she was correct and then immediately asked for a short extension, all within 1 business day of reading her email. Despite the fact that 1) the requests were voluminous, 2) there were 4 ½ months still remaining in the Discovery Period, 3) the Court strongly disfavors these kind of disputes, my good-faith request for a short extension was denied.  Not only was it denied, it was used to falsely assert that I had a malicious intent to force Rooster to respond to Rolosnip's offer without the benefit of Rolosnip's responses and implied that my failure was an intentional act to not adhere to the Court's deadline. In an attempt to paint me as a malicious conniving wrongdoer to, apparently, justify Rooster's unreasonable denial of an extension, Counselor failed to mention that I had already advised them I would give them an extension in my original demand letter if they so needed.

This is a case that should have already settled.  Agreement I and Agreement II (which has been in Rooster's possession for at least 17 months and then sent to them again at least 5 times over the past 9 months).  Copies of any additional documents (i.e., emails between the parties or drawings prepared by Rooster) are already in Rooster's possession.  In an attempt to benefit both parties and to not further burden the present Courts with two cases that should have already been resolved, I requested a short extension to give the parties a chance to discuss and consider settlement.

However, my good-faith universally-beneficial request was not only denied, it was used against me to characterize me as having the malicious intent of "forcing" Rooster to respond to an offer without the benefit of Rolosnip's discovery response.  Many disputes settle before a party files suit and many others settle before

discovery even starts; additionally, most courts require or at least strongly encourages an early settlement conference **before** discovery starts. These parties didn't have the benefit of discovery. Parties avoiding additional costs and saving themselves and the courts valuable resources by settling is a constructive and positive benefit to our legal system, not something that should ever be characterized as a malicious act. It was certainly not my intent. Again, I apologize to the Court and to Rooster's counselors and assure both that I am working as fast as I possibly can to get both responses to Rooster's counselors
and I expect to have both completed and to them tonight.

Sincerely,


Joel Myers


---

**From:** "Julee_Smilley@gand.uscourts.gov" <Julee_Smilley@gand.uscourts.gov>
**To:** "Palmer, Anna" <APalmer@seyfarth.com>
**Cc:** "myersiplaw@yahoo.com" <myersiplaw@yahoo.com>; "Davis, Rebecca" <RDavis@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>
**Sent:** Thursday, January 22, 2015 11:48 AM
**Subject:** Re: FW: Rooster/Rolosnip cases - Motion to Consolidate

Done. I will let you know as soon as I get direction from Judge Cohen.

Julee



From:     "Palmer, Anna" <APalmer@seyfarth.com>
To:       "Julee_Smilley@gand.uscourts.gov"
          <Julee_Smilley@gand.uscourts.gov>
Cc:       "Davis, Rebecca" <RDavis@seyfarth.com>, "Stewart, Stephanie A"
          <SAStewart@seyfarth.com>, "myersiplaw@yahoo.com"
          <myersiplaw@yahoo.com>
Date:     01/22/2015 11:32 AM
Subject:  FW: Rooster/Rolosnip cases - Motion to Consolidate



Ms. Smilley,

Thank you for your assistance yesterday in communicating with Mr. Myers regarding Rolosnip's delinquent discovery responses. Rolosnip's discovery responses were due on December 15, 2014. Mr. Myers represented to this Court on Thursday, January 15, 2015 that the responses would be delivered by email within two days. Mr. Myers then stated that the responses would be delivered late yesterday. We have not received the responses.

In the intervening weeks following the date on which discovery was due and

the present (Dec. 15-Jan 22), Rolosnip has issued lengthy letters to
Rooster (14-page letter issued on Dec. 20 and 10-page letter issued on Jan.
15), demanding responses from Rooster on an accelerated schedule in both
instances. Rolosnip has elected to spend its time issuing letters to
Rooster rather than meeting its discovery obligations.

Rooster has contended with Rolosnip's delays on more than one occasion.
Rolosnip's Initial Disclosures were due on September 25, 2014 and were not
delivered until October 30, 2014, after multiple communications to Rolosnip
regarding the delinquency. (Mr. Myers issued a lengthy email regarding
personal circumstances that delayed the delivery of the Initial
Disclosures. We were understanding and accommodating of those personal
circumstances and did not bring that to the Court's attention at the time.)
However, a pattern of failure to adhere to the rules of the Court is
becoming apparent.  At this point, we believe the Court's intervention to
be necessary. We would be grateful if you could bring this to Judge Cohen's
attention at your earliest convenience.

Many thanks.

Anna Palmer

Anna R. Palmer
Seyfarth Shaw LLP
1075 Peachtree Street, N.E. | Suite 2500 | Atlanta, Georgia 30309
Tel: +1-404-888-1039 | Mobile: +1-404-803-0441
apalmer@seyfarth.com

------------------------------------
The information contained in this transmission is attorney privileged
and/or confidential information intended for the use of the individual or
entity named above.  If the reader of this message is not the intended
recipient, you are hereby notified that any use, dissemination,
distribution or copying of this communication is strictly prohibited.
------------------------------------

-----Original Message-----
From: Julee_Smilley@gand.uscourts.gov [
mailto:Julee_Smilley@gand.uscourts.gov]
Sent: Wednesday, January 21, 2015 1:33 PM
To: Stewart, Stephanie A
Subject: Fw: Rooster/Rolosnip cases - Motion to Consolidate


----- Forwarded by Julee Smilley/GAND/11/USCOURTS on 01/21/2015 01:32 PM

-----

From:  "Joel Myers, Esq." <myersiplaw@yahoo.com>
To:    "julee_smilley@gand.uscourts.gov"
           <julee_smilley@gand.uscourts.gov>
Date:  01/21/2015 12:38 PM
Subject:        Fw: Rooster/Rolosnip cases - Motion to Consolidate


Ms. Smilley,

I apologize.  I meant to cc you on the email below that I sent the opposing
counsel as soon as I returned.  Please see below.  I am working on
finishing them and will have them the responses today (late tonight).

Joel Myers




Myers & Associates, P.C.
581 Salem Woods Drive
Marietta, GA 30067
470-328-3128
myersiplaw@yahoo.com

This email message and any attachments are for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any
unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email
and destroy all copies of the original message and any attachments. Thank
you.

----- Forwarded Message -----
From: "Joel Myers, Esq." <myersiplaw@yahoo.com>
To: Marc Wiegand <marc@wiegandlawfirm.com>; "Davis, Rebecca"
<RDavis@seyfarth.com>
Cc: "John C. Cave (John.Cave@gunn-lee.com)" <John.Cave@gunn-lee.com>;
"Nick Guinn (Nick@Gunn-Lee.com)" <Nick@Gunn-Lee.com>; "Palmer, Anna"
<APalmer@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>;
Amy Lopez <amy@wiegandlawfirm.com>
Sent: Wednesday, January 21, 2015 6:02 AM
Subject: Re: Rooster/Rolosnip cases - Motion to Consolidate

Ladies and Gentlemen,

I sincerely apologize for the delay in getting you the responses to your
Request to Produce and Interrogatories especially in view of my promise to
get those to you this past weekend.  Through a series of unfortunate

events, my son and I got stranded in the mountains of VA, more
specifically in Abingdon, VA for four days and just got home about an 2
hours ago.

My son is one of the Goalies on a travel hockey team out of Atlanta,
wherein his team had their biggest hockey tournament of the year up in
Pittsburgh , PA.  His Mother was scheduled to drive him there on Friday
of last week when I received a distressed call that her car had some
serious mechanical issue and could not be fixed in time to get him to the
tournament which was starting the next day about 15 hours later.  Because
flights were not an option by that point, and the drive was 11-13 hours, I
immediately grabbed a change of clothes, my son and his items and we
headed to Pittsburgh.  At about 2 am on Hwy 81 while we were traveling in
the VA mountains,  my son and I smelled plastic burning and decided to
pull off the freeway so that I could check it out.  When we did, it became
obvious that our vehicle was on fire.  We immediately exited the vehicle
and called 911.  After several hours, we finally made it to a hotel;
however, to compound an already bad night, in all the haste, I had
misplaced my wallet with my id, my cash and my credit cards, thus making
it very difficult for us to get a room.  The first two places we tried
refused to rent us a room.  Not only was getting a room a challenge, we
couldn't get a rental car or a flight and ended up stuck there for 4 days
when yesterday a family member traveled 7 hours to pick us up.  We
literally just got back a couple hours ago.

Now that I have the file, I am continuing to work on the responses and
will get same to you today (it maybe late tonight).  Again, I sincerely
apologize and to the extent it is needed to respond to our settlement
offer, we gladly extend our deadline to this Friday, January 23, 2015.


Thank you.

Joel


From: Marc Wiegand <marc@wiegandlawfirm.com>
To: "Davis, Rebecca" <RDavis@seyfarth.com>; "myersiplaw@yahoo.com"
<myersiplaw@yahoo.com>
Cc: "John C. Cave (John.Cave@gunn-lee.com)" <John.Cave@gunn-lee.com>;
"Nick Guinn (Nick@Gunn-Lee.com)" <Nick@Gunn-Lee.com>; "Palmer, Anna"
<APalmer@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>;
Amy Lopez <amy@wiegandlawfirm.com>
Sent: Tuesday, January 20, 2015 10:31 PM
Subject: Re: Rooster/Rolosnip cases - Motion to Consolidate

Rebecca:

My assistant, Ms. Amy Lopez, will check to be sure  -and respond to you
tomorrow.

# Exhibit K

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Davis, Rebecca |
| **Sent:** | Friday, January 23, 2015 12:06 PM |
| **To:** | Stewart, Stephanie A |
| **Subject:** | Fwd: Plaintiff's Response to Defendant's Request to Produce |
| **Attachments:** | Rolosnip Resp to 1st set of RTP.doc.pdf; ATT00001.htm |

Sent from my iPhone

Begin forwarded message:

> **From:** "Joel Myers, Esq." <<u>myersiplaw@yahoo.com</u>>
> **To:** "Palmer, Anna" <<u>APalmer@seyfarth.com</u>>, "Davis, Rebecca" <<u>RDavis@seyfarth.com</u>>
> **Subject: Plaintiff's Response to Defendant's Request to Produce**

Ms. Palmer and Ms. Davis

Attached is the Response to your RTP's. I'm working exclusively on the Responses to the Interrogatories as fast as I can.  I will have those to you by today (although it might be tonight).  Again, I apologize for the delay.

Thank you.

Joel

Joel D. Myers, Esq.
INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.
400 Galleria Pkwy
Suite 240
Atlanta, GA 30339
470.328.3128
<u>myersiplaw@yahoo.com</u>

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

# Exhibit L

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Palmer, Anna |
| **Sent:** | Monday, January 26, 2015 6:11 PM |
| **To:** | Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | FW: Rooster/Rolosnip--email communications |

**Anna R. Palmer**
Atlanta | Ext: 711039 (+1-404-888-1039) | Mobile: +1-404-803-0441
apalmer@seyfarth.com

**From:** Palmer, Anna
**Sent:** Monday, January 26, 2015 6:09 PM
**To:** Julee_Smilley@gand.uscourts.gov
**Subject:** FW: Rooster/Rolosnip--email communications

In response to your inquiry today, the below email is what I have received regarding the interrogatory responses.

Anna

**From:** Joel Myers, Esq. [mailto:myersiplaw@yahoo.com]
**Sent:** Monday, January 26, 2015 12:25 PM
**To:** Palmer, Anna
**Cc:** Davis, Rebecca
**Subject:** Re: Rooster/Rolosnip--email communications

Hello Anna and Rebecca,

I hope your weekend was enjoyable.  I am putting the final touches on our response to the interrogatories and will have that to you today.  Again , thank you.

Joel

Joel D. Myers, Esq.

WILLS, TRUST & ESTATE PLANNING LAW
INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.

400 Galleria Pkwy
Suite 240
Atlanta, GA 30339
404.483.2400
myerstrustlaw@yahoo.com

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

# Exhibit M

**Stewart, Stephanie A**

| | |
|---|---|
| **From:** | Davis, Rebecca |
| **Sent:** | Tuesday, February 03, 2015 4:22 PM |
| **To:** | Stewart, Stephanie A |
| **Subject:** | FW: Rooster/Rolosnip--email communications |

**Rebecca Davis**
Atlanta | Ext: 711874 (+1-404-888-1874)
rdavis@seyfarth.com

**From:** Joel Myers, Esq. [mailto:myersiplaw@yahoo.com]
**Sent:** Tuesday, January 27, 2015 2:40 PM
**To:** Palmer, Anna
**Cc:** Davis, Rebecca
**Subject:** Re: Rooster/Rolosnip--email communications

Anna and Rebecca,

Please keep the following confidential.  Mr. Adams' brother is dying and he was notified yesterday to
get to Pennsylvania immediately.  I am waiting on some information from him to complete the
responses to your interrogatories; if he is unable to respond by later today, I will go ahead and send
you the substantially completed responses and add /supplement as soon as I do.

Thank you.

Joel

Joel D. Myers, Esq.

WILLS, TRUST & ESTATE PLANNING LAW
INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.
400 Galleria Pkwy
Suite 240
Atlanta, GA 30339

1

470-328-3128
myersiplaw@yahoo.com

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** "Joel Myers, Esq." <myersiplaw@yahoo.com>
**To:** "Palmer, Anna" <APalmer@seyfarth.com>
**Cc:** Rebecca Davis <rdavis@seyfarth.com>
**Sent:** Monday, January 26, 2015 12:25 PM
**Subject:** Re: Rooster/Rolosnip--email communications

Hello Anna and Rebecca,

I hope your weekend was enjoyable.  I am putting the final touches on our response to the interrogatories and will have that to you today.  Again , thank you.


Joel

Joel D. Myers, Esq.

WILLS, TRUST & ESTATE PLANNING LAW
INTELLECTUAL PROPERTY LAW
Myers & Associates, P.C.
400 Galleria Pkwy
Suite 240
Atlanta, GA 30339
404.483.2400
myerstrustlaw@yahoo.com

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** "Joel Myers, Esq." <myersiplaw@yahoo.com>
**To:** "Palmer, Anna" <APalmer@seyfarth.com>
**Cc:** "Davis, Rebecca" <RDavis@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>
**Sent:** Wednesday, January 21, 2015 2:12 PM
**Subject:** Re: Rooster/Rolosnip--email communications

I apologize. I simply forwarded to her the same email that I had already sent to opposing counsel regarding the same issue.

# Thank you.

# Joel

This email message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** "Palmer, Anna" <APalmer@seyfarth.com>
**To:** "myersiplaw@yahoo.com" <myersiplaw@yahoo.com>
**Cc:** "Davis, Rebecca" <RDavis@seyfarth.com>; "Stewart, Stephanie A" <SAStewart@seyfarth.com>
**Sent:** Wednesday, January 21, 2015 1:39 PM
**Subject:** Rooster/Rolosnip--email communications

Joel,
I understand you communicated with the court today by email in response to Ms. Smilley's email requesting a response from you by noon as to Rolosnip's delayed discovery responses. We were not copied on that communication from you to Ms. Smilley. In the future, we ask that you copy Rooster's counsel on written communications with the court. Thank you in advance for your cooperation.
Anna

**Anna R. Palmer** | Seyfarth Shaw LLP
1075 Peachtree Street | Atlanta, Georgia 30309
Direct: +1-404-888-1039 | Mobile: +1-404-803-0441
**apalmer@seyfarth.com**



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# Exhibit N

## Stewart, Stephanie A

| | |
|---|---|
| **From:** | Julee_Smiley@gand.uscourts.gov |
| **Sent:** | Friday, January 30, 2015 9:36 AM |
| **To:** | Joel Myers, Esq. |
| **Cc:** | Palmer, Anna; Davis, Rebecca; Stewart, Stephanie A |
| **Subject:** | Re: FW: Rooster/Rolosnip cases - Motion to Consolidate, 14-cv-1840-MHC |

Counsel,

Because it appears that there have been numerous promises and postponements
concerning the production of discovery in this case, and the parties
apparently have been unable to resolve the dispute amicably, Judge Cohen
feels compelled to have a hearing to resolve the dispute.  Please provide
me with two possible dates and times for the hearing next week.

Judge Cohen will be out of the office on 2/5, but otherwise we can fit you
in for a hearing.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Mark H. Cohen
julee_smiley@gand.uscourts.gov
404-215-1315


From:   "Joel Myers, Esq." <myersiplaw@yahoo.com>
To:     "Julee_Smiley@gand.uscourts.gov"
        <Julee_Smiley@gand.uscourts.gov>, "Palmer, Anna"
        <APalmer@seyfarth.com>
Cc:     "Davis, Rebecca" <RDavis@seyfarth.com>, "Stewart, Stephanie A"
        <SAStewart@seyfarth.com>
Date:   01/22/2015 12:45 PM
Subject:Re: FW: Rooster/Rolosnip cases - Motion to Consolidate


Ms. Smilley,

Previously, when Rooster's counselors asked for the Courts assistance, I
did not go into detail in my response as I sincerely hoped and expected to
have the responses finalized and served by last Saturday and as such, I
simply provided a date that I was confident of being able to provide said
responses and not waste the Court's time and resources with the background.
However, based on Rooster's insistence on painting my delay as intentional
and including the Court, I provide the following in response to their
email.

# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROLOSNIP, LLC, a Georgia<br>Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>ROOSTER PRODUCTS INT'L<br>INC., a Texas Corporation, d/b/a<br>THE ROOSTER GROUP and d/b/a<br>ROOSTER MANUFACTURING<br>SERVICES GROUP,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:14-cv-01840-RWS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S FIRST CONTINUING
## INTERROGATORIES TO PLAINTIFF ROLOSNIP, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant

Rooster Products International, Inc. d/b/a The Rooster Group and d/b/a Rooster

Manufacturing Services Group ("Rooster") requests that Plaintiff Rolosnip, LLC

("Rolosnip") answer the following interrogatories separately and fully in writing

and under oath within thirty-three (33) days from the date of service hereof via

hand delivery.  Such service should be made to Anna R. Palmer, Esq., at the

offices of SEYFARTH SHAW LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia, 30309, attorney for Rooster.

These interrogatories are addressed to the knowledge of Rolosnip, its employees and agents, including its attorneys. If the answer to the entire question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date. These interrogatories are deemed continuing in nature and call for prompt supplementation whenever you should obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, though correct and complete when made, is no longer true and complete.

## INSTRUCTIONS AND DEFINITIONS

For the purposes of these interrogatories, the following definitions and instructions shall apply:

A.    "Rolosnip," "You," and "Your" shall mean and refer to Plaintiff Rolosnip, LLC, its attorneys, agents, members, officers, representatives and all other persons acting or purporting to act on behalf of Rolosnip, LLC.

B.    "Rooster" shall mean and refer to Defendant Rooster Products Int'l, Inc., its attorneys, agents, affiliates, officers, representatives and all other persons acting or purporting to act on behalf of Rooster Products Int'l, Inc.

2

C.     For purposes of these requests, "**document**" or "**documents**" is used in its broadest sense, and means all tangible items and all written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, including, but not limited to, writings, records, correspondence, communications, letters, diaries, diary entries, logs, log books, schedules, change orders, contracts, purchase orders, delivery tickets, cost reports, payroll ledgers, telegrams, telexes, memoranda, notes, reports, bulletins, summaries, or other records of telephone or personal conversations, minutes or summaries of telephone or personal meetings and conferences, instructions, literature, work assignments, agreements, subcontracts, interoffice or intraoffice communications, electronic mail, text message, social media postings, microfilm, notebooks, calendars, appointment books, circulars, pamphlets, projections, studies, estimates, charts, lists, tables, computer runs, tabulations, printouts, notices, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, photocopies, drafts, data sheets, data compilations, computer data compilations, statistics, worksheets, speeches or other writings, and tape recordings, and means the original, copy, or any non-identical copy or draft version, regardless of origin or location.

3

18519931v.1

D.   **"Identify"** or **"identity"** as used in these interrogatories in connection with any person or persons requires the following information for each person:

    (1)   the person's full name;

    (2)   the person's last known business address and telephone number;

    (3)   the person's last known home address and telephone number;

    (4)   the person's last known employer; and

    (5)   the person's last known title, position, or business.

E.   **"Identify"** or **"identity"** as used in these interrogatories in connection with any tangible item or thing requires the following information for each:

    (1)   a detailed description of the item or thing; and

    (2)   the present location of the item or thing.

F.   **"Identify"** as used in these interrogatories in connection with any document requires the following information for each document:

    (1)   the title of the document with sufficient particularity to permit its identification;

    (2)   the name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

    (3)   the date on which each document was prepared;

    (4)   the identity of each person who received or obtained a copy of each document; and

4

      (5)    if all copies of the document have been destroyed, identify the person or persons authorizing the destruction of the document and the date of the destruction of the document.

In lieu of specifying documents, you may attach such documents to the answers to these interrogatories.

      G.    **"Describe"** as used in these interrogatories in connection with any act, occurrence, omission, or series of acts, occurrences or omissions requires the following information:

      (1)    the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences or omissions as provided in the definition of "identify;"

      (2)    the date or dates of each and every act, occurrence or omission;

      (3)    a brief description of the act, occurrence, omission, or series of acts, occurrences or omissions and the substance of any contact or communication in connection therewith; and

      (4)    a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions.

      H.    **"Person"** and **"persons"** as used in these interrogatories means any individual or natural person, firm, partnership, corporation, committee, association, governmental body, agency or subdivision, political action group or any other organization or entity.

18519931v.1

I.     The terms "**concerning**," "**relate to**," "**relating to**," "**evidencing**," "**regarding**," and "**pertaining to**" include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject.

J.     "**Contact**", "**correspondence**", or "**communication**" shall mean all modes of conveying meaning or information including, without limitation, telephone, telegraph, electronic mail, text messaging, social media posting, written or spoken language between two persons.

K.     "**Lawsuit**" shall mean and refer to the above-captioned action.

L.     "**Complaint**" shall mean and refer to the complaint, and any amendment to such complaint, filed by Rolosnip in the above-captioned action.

M.     "**Answer**" shall mean and refer to the answer, and any amendment to such answer, filed by Rooster in the above-captioned action.

N.     "**ROLOSNIP**" shall mean and refer to the ROLOSNIP tool, technology, or utility patent, including any and all versions, plans, prototypes, or designs, that are the subject of Rolosnip's Complaint.

6

O.   **"Relationship"** shall mean and refer to the business relationship between Rolosnip and Rooster, inclusive of any written or oral contracts, agreements, arrangements, or obligations, regarding the ROLOSNIP.

P.   **"License Agreement"** shall refer to the Technology, Patent Application and Patent License Agreement dated November 10, 2011.

Q.   **"First Amendment"** shall refer to the First Amendment of License Agreement dated August 6, 2013.

R.   **"Contract"** shall refer to any contract or agreement, whether oral or written, including the License Agreement and First Amendment.

S.   **"Parties"** shall collectively refer to Rooster and Rolosnip.

T.   **"RGCG"** shall mean and refer to RG Consulting Group, Inc., its successors, predecessors, officers, affiliates, employees, attorneys, agents, representatives, Robert Adams, Gyulara Adams, and all other persons acting on behalf of RG Consulting Group, Inc.

U.   Unless otherwise stated, the time period applicable to these interrogatories shall be from January 1, 2009, until the date you serve your responses to these interrogatories.

7

## INTERROGATORIES

### Interrogatory No. 1

Identify each Person who has or claims to have, or whom you believe has, knowledge or relevant facts or information relating to any facts, circumstances, damages, statements, denials, defenses, issues, or other matters alleged in the Complaint, Answer or that otherwise relate to this Lawsuit.  For each such Person, state his or her name, phone number, address, employer if known, and relation to you and/or any of the entities involved in the Lawsuit, and provide a brief description of the subject matter(s) about which each Person is or may be knowledgeable.

### Interrogatory No. 2

Identify and describe the relationship between Rolosnip and Robert Adams, including in your response the nature of Mr. Adams' affiliation with Rolosnip, how long Mr. Adams has been affiliated with Rolosnip, and when Rolosnip terminated its affiliation with Mr. Adams.

### Interrogatory No. 3

Identify each and every Contract between Rolosnip and Rooster that relates to the Relationship and/or otherwise establishes any obligations between the Parties, and include in your response the name of each individual who negotiated

8

the Contract, the identity of the individual who entered into or agreed to the Contract, a summary of the terms of the Contract, and the date on which the Contract was executed.

**Interrogatory No. 4**

Identify and describe in detail what Rolosnip's obligations, duties, and responsibilities were pursuant to its Relationship with Rooster, including any obligations, duties, and responsibilities under any Contract, and identify and describe any failure of Rolosnip to fulfill any obligations, duties, and responsibilities it had to Rooster under any Contract.

**Interrogatory No. 5**

Identify and describe in detail what Rooster's obligations, duties, and responsibilities were pursuant to its Relationship with Rolosnip, including any obligations, duties, and relationships under any Contract.

**Interrogatory No. 6**

Describe in detail all facts (including the identity of Persons with knowledge of such facts and documents relating to such facts) that support your allegation that Rolosnip is or was unable to mitigate its damages and that Rooster cost Rolosnip substantial amounts of time and money as is alleged in Paragraphs 7 and 9 of the Complaint.

9

**Interrogatory No. 7**

Describe in detail all facts (including the identity of Persons with knowledge of such facts and documents relating to such facts) that support your allegation that during the time of the Relationship, Plaintiff spent money or funds as is alleged in Paragraphs 9 and 10 of the Complaint, and identify and itemize the amount of funds spent and to whom the funds were paid.

**Interrogatory No. 8**

Identify and provide an itemization and calculation of all damages that you are seeking in this Lawsuit, including in your response an itemized accounting of any attorney's fees you are seeking.

**Interrogatory No. 9**

Describe all services you performed for Rooster for which you believe you are entitled to any payment.

**Interrogatory No. 10**

Describe in detail all assistance you provided to Rooster with respect to getting the ROLOSNIP ready for sale to the public, including in your response a description of any assistance you provided Rooster with the design, marketing, pricing, manufacture, and production of the ROLOSNIP.

10

18519931v.1

**Interrogatory No. 11**

Describe each and every fact to support your contention that Rooster misrepresented any information to Rolosnip, and include in your response a description of the misrepresentation, the date on which such misrepresentation occurred, who made the misrepresentation, and to whom the misrepresentation was made.

**Interrogatory No. 12.**

Identify all prototypes that were created of the ROLOSNIP, and provide in your response the dates that the prototype was created, who created the version of the design on which the prototype was based, the manufacturer of the prototype, and the current location of the prototype.

**Interrogatory No. 13**

Describe all facts that support that Rooster tried to bribe, extort and/or blackmail any officer of Rolosnip, including Robert Adams, into signing a fraudulent document, creating false evidence, or influencing false testimony, as described in Paragraphs 18 and 40, and identify and describe the evidence and testimony that is referred to in Paragraphs 18 and 40.

11

**Interrogatory No. 14.**

Identify all parties with whom you allege Rooster conspired to commit any violation of either the Federal or Georgia Racketeering Influenced Corrupt Organizations ("RICO") Acts.

**Interrogatory No. 15**

You allege in Paragraph 40 of the Complaint that Defendant is in possession and/or control of monies that rightfully belong to Plaintiff. Describe in detail how Defendant came to be in possession and/or control of such monies that rightfully belong to Plaintiff, the amount of money that is in Defendant's possession and/or control, and how Defendant came to possess and/or control any monies that rightfully belong to Plaintiff.

**Interrogatory No. 16**

Describe in detail all alleged future harm upon which your claims for injunctive relief are based.

**Interrogatory No. 17**

Describe in detail how Rolosnip first approached Rooster seeking assistance with the design and/or manufacture of the ROLOSNIP, including in your response when the decision was made to contact Rooster regarding the ROLOSNIP and the identity of the Person who made that decision.

12

18519931v.1

**Interrogatory No. 18**

Describe in detail how Rooster has disparaged the goods, services or business of Rolosnip by false or misleading representation of fact, as you allege in Paragraph 61.

**Interrogatory No. 19**

Describe in detail how Rolosnip was promoting the release of the ROLOSNIP and building the good will of the ROLOSNIP product and trademark, as you allege in Paragraph 73.

**Interrogatory No. 20**

Describe each step taken by you to produce a prototype of the ROLOSNIP that complied with the design approved by Rooster.

**Interrogatory No. 21**

Describe in detail every dilatory action that you believe Rooster took with respect to the ROLOSNIP product that prevented the ROLOSNIP from being manufactured.

**Interrogatory No. 22**

Describe in detail all facts and circumstances that support your contention that Rooster prevented you from using, accessing, controlling or possessing any property you owned or to which you had any legal right.

13

**Interrogatory No. 23**

Describe in detail all facts and circumstances that support your contention that Rooster abandoned any property owned by Rolosnip or to which Rolosnip had a legal right.

**Interrogatory No. 24**

Describe all facts and circumstances that support your contention that Rooster is a person of trust or confidence, as you allege in Count XXII of the Complaint.

**Interrogatory No. 25**

Identify any and all notices that Rolosnip sent to Rooster regarding any alleged nonperformance of any obligation or duty by Rooster, and include in your response the identity of the person that sent the notice, the date the notice was sent, and the recipient of the notice.

DATED: November 12, 2014          **SEYFARTH SHAW LLP**

By: _____

    Anna R. Palmer
    Georgia Bar No. 559838
    apalmer@seyfarth.com
    Rebecca A. Davis
    Georgia Bar No. 141711
    rdavis@seyfarth.com

14

1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant Rooster*
*Products International, Inc. d/b/a The*
*Rooster Group and d/b/a Rooster*
*Manufacturing Services Group*

15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROLOSNIP, LLC, a Georgia<br>Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>ROOSTER PRODUCTS INT'L<br>INC., a Texas Corporation, d/b/a<br>THE ROOSTER GROUP and d/b/a<br>ROOSTER MANUFACTURING<br>SERVICES GROUP,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:14-cv-01840-RWS

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing DEFENDANT'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF ROLOSNIP, LLC upon all counsel of record by U.S. Mail, with adequate postage prepaid, and addressed as follows:

> Joel D. Myers, Esq.
> Myers & Associates, PC
> 400 Galleria Parkway, Suite 240
> Atlanta, Georgia 30339
> Email: myersiplaw@yahoo.com
>
> *Counsel for Plaintiff*

118519931v.1

This 12th day of November, 2014.

By: _____

Anna R. Palmer
Georgia Bar No. 559838
apalmer@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile:  (404) 892-7056

*Attorneys for Defendant Rooster
Products International, Inc. d/b/a The
Rooster Group and d/b/a Rooster
Manufacturing Services Group*

2

# Exhibit P

### #60925 (Rooster Products)
### Billed & Unbilled Time

| Date | Initials | Name | Hours | Amount | Description |
|------|----------|------|-------|--------|-------------|
| 12/16/2014 | 6138 | Stephanie Stewart | 0.2 | $53.00 | Follow-up regarding status of Rolosnip's responses to discovery requests. |
| 12/16/2014 | 3396 | Rebecca Davis | 0.6 | $186.00 | Review docket to determine whether discovery was served and conference with S. Stewart regarding failure of opposing counsel to serve same and drafting of good faith conferral letter. |
| 12/17/2014 | 1509 | Anna R. Palmer | 0.5 | $180.00 | Prepare correspondence to J. Myers, counsel for Rolosnip, regarding Rolosnip's request for consolidation and Rooster's inquiries regarding Rolosnip's failure to respond to discovery. |
| 12/31/2014 | 1509 | Anna R. Palmer | 0.3 | $108.00 | Review and analyze correspondence from J. Myers regarding Rolosnip's position on Rooster refusing discovery extension. |
| 12/31/2014 | 3396 | Rebecca Davis | 0.3 | $93.00 | Review lengthy correspondence from opposing counsel regarding extension of discovery and provide analysis of same. |
| 1/2/2015 | 6138 | Stephanie Stewart | 0.2 | $53.00 | Receipt and brief review of email correspondence from counsel for Rolosnip regarding discovery extension and settlement demand |
| 1/8/2015 | 3396 | Rebecca Davis | 1.4 | $434.00 | Research penalties for failure to respond to discovery in federal court |
| 1/8/2015 | 6138 | Stephanie Stewart | 0.2 | $53.00 | Review file and online docket to determine status of discovery responses in preparation of drafting motion to compel |
| 1/14/2015 | 1509 | Anna R. Palmer | 0.2 | $72.00 | Review standing order provisions regarding motions to compel and assess same. |
| 1/14/2015 | 3396 | Rebecca Davis | 0.2 | $62.00 | Provide direction to S. Stewart regarding drafting of motion to compel and phone call to Court regarding resolution of discovery dispute. |
| 1/14/2015 | 6138 | Stephanie Stewart | 1.8 | $477.00 | Begin preparation of motion to compel Rolosnip's discovery responses including review of documents and correspondence in file, compiling chronology of events, and reviewing Judge Cohen's Standing Order |
| 1/15/2015 | 6138 | Stephanie Stewart | 0.4 | $106.00 | Telephone and email correspondence with deputy to Judge Cohen and counsel for Rolosnip regarding discovery dispute; |
| 1/15/2015 | 3396 | Rebecca Davis | 0.4 | $124.00 | Review communications from J. Myers regarding past due discovery responses. |
| 1/15/2015 | 3396 | Rebecca Davis | 0.4 | $124.00 | Review multiple communications from Court regarding Rolosnip's past due discovery |

responses.

| 1/15/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Provide instructions for contacting the court to advise of Rolosnip's delinquent discovery responses. |
|---|---|---|---|---|
| 1/16/2015 | 3396 Rebecca Davis | 0.3 | $93.00 | Draft correspondence to J. Myers regarding new settlement demand and late discovery. |
| 1/20/2015 | 6138 Stephanie Stewart | 0.2 | $53.00 | Review file and follow-up regarding status of settlement and documents that are supposed to be produced by counsel for Rolosnip today. |
| 1/21/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Review correspondence from J. Myers regarding Rolosnip excuses for delayed discovery responses. |
| 1/21/2015 | 3396 Rebecca Davis | 1.4 | $434.00 | Strategy meetings with A. Palmer and S. Stewart regarding Rolosnip's late discovery responses. |
| 1/21/2015 | 3396 Rebecca Davis | 0.4 | $124.00 | Provide direction to litigation team about calling Court regarding late discovery responses and participate in call with Court. |
| 1/21/2015 | 3396 Rebecca Davis | 0.2 | $62.00 | Review correspondence from opposing counsel regarding late discovery responses. |
| 1/21/2015 | 3396 Rebecca Davis | 0.2 | $62.00 | Review correspondence from Court regarding late discovery responses. |
| 1/21/2015 | 6138 Stephanie Stewart | 0.3 | $79.50 | Telephone conference and email correspondence with deputy to Judge Cohen regarding Plaintiff's failure to respond to discovery. |
| 1/21/2015 | 6138 Stephanie Stewart | 0.3 | $79.50 | Receipt and review of email correspondence from co-counsel and counsel for Rolosnip regarding delay in producing discovery. |
| 1/22/2015 | 6138 Stephanie Stewart | 0.2 | $53.00 | Receipt and review of email correspondence with deputy to Judge Cohen regarding Rolosnip's discovery responses. |
| 1/22/2015 | 6138 Stephanie Stewart | 0.1 | $26.50 | Receipt and review of email correspondence from counsel for Plaintiff regarding discovery responses and communications with the Court. |
| 1/22/2015 | 6138 Stephanie Stewart | 0.2 | $53.00 | Follow-up regarding status of Plaintiff's responses to discovery to determine whether he responded and produced documents in accordance with direction from court. |
| 1/22/2015 | 3396 Rebecca Davis | 0.2 | $62.00 | Prepare draft correspondence to J. Myers regarding late discovery responses. |
| 1/22/2015 | 3396 Rebecca Davis | 0.3 | $93.00 | Multiple communications between litigation team regarding late discovery responses. |
| 1/22/2015 | 3396 Rebecca Davis | 0.2 | $62.00 | Review correspondence from opposing counsel regarding late discovery responses. |
| 1/22/2015 | 1509 Anna R. Palmer | 0.3 | $108.00 | Correspondence with J. Myers, Rolosnip's counsel, regarding failure to respond to Rooster's discovery. |

| 1/22/2015 | 1509 Anna R. Palmer | 0.5 | $180.00 | Prepare correspondence to the court outlining Rolosnip's continued failure to respond to discovery or adhere to court deadlines. |
|---|---|---|---|---|
| 1/23/2015 | 3396 Rebecca Davis | 0.3 | $93.00 | Multiple communications between litigation team regarding Rolosnip's failure to respond to discovery. |
| 1/23/2015 | 3396 Rebecca Davis | 0.2 | $62.00 | Prepare draft correspondence to J. Myers regarding late discovery responses. |
| 1/25/2015 | 6138 Stephanie Stewart | 0.1 | $26.50 | Receipt and review of correspondence to deputy for Judge Cohen regarding Rolosnip's discovery responses |
| 1/25/2015 | 1509 Anna R. Palmer | 0.3 | $108.00 | Review and respond to correspondence from the court regarding Rolosnip's delinquent discovery responses. |
| 1/26/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Review correspondence from J. Myers regarding status of Rolosnip's discovery responses; |
| 1/26/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Correspondence with the court regarding court's inquiry as to Rolosnip's outstanding discovery responses. |
| 1/26/2015 | 3396 Rebecca Davis | 0.3 | $93.00 | Review correspondence from opposing counsel regarding discovery responses and A. Palmer's communications to and from Court regarding same. |
| 1/26/2015 | 6138 Stephanie Stewart | 0.1 | $26.50 | Receipt and review of filings by Rolosnip regarding discovery. |
| 1/27/2015 | 3396 Rebecca Davis | 0.3 | $93.00 | Review correspondence from J. Myers regarding interrogatory responses and prepare questions regarding same. |
| 1/27/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Correspondence with opposing counsel J. Myers regarding continued failure of Rolosnip to respond to discovery and Rolosnip excuses regarding same. |
| 1/27/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Correspondence with court regarding Rolosnip failure to respond to discovery. |
| 1/28/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Review and comment on correspondence to J. Myers regarding waiver of objections by Rolosnip due to late responses, document production logistics, and Rolosnip's failure to respond to revised motion to consolidate. |
| 1/28/2015 | 3396 Rebecca Davis | 0.4 | $124.00 | Strategy meeting regarding ongoing discovery disputes and amendment of complaint. |
| 1/29/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Provide instructions for correspondence to the court regarding questions about resolution of discovery dispute. |
| 1/30/2015 | 1509 Anna R. Palmer | 0.2 | $72.00 | Communications with the court regarding court's request to schedule hearing on Rolosnip's failure to respond to discovery. |

| Date | | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|---|
| 1/30/2015 | 1509 | Anna R. Palmer | 0.2 | $72.00 | Provide instructions for the preparation of a summary of fees incurred to date dealing with Rolosnip's failure to reply to discovery. |
| 1/30/2015 | 1509 | Anna R. Palmer | 0.3 | $108.00 | Correspondence with the court regarding Rolosnip's failure to respond to discovery, hearing to address same. |
| 1/30/2015 | 6138 | Stephanie Stewart | 0.3 | $79.50 | Email correspondence and telephone conference with deputy clerk to Judge Cohen regarding Rolosnip's discovery responses and scheduling a hearing. |
| 1/31/2015 | 6138 | Stephanie Stewart | 0.1 | $26.50 | Receipt and review of email correspondence from counsel for Rolosnip to deputy to Judge Cohen regarding hearing. |
| 2/2/2015 | 6138 | Stephanie Stewart | 0.5 | $132.50 | Receipt and review of bills and amount spent in preparation of court hearing on Wednesday and requesting attorney fees; begin organization of dates related to Rolosnip's discovery responses in preparation of hearing on Wednesday and drafting affidavit. |
| | | **GRAND TOTALS** | **17.6** | **$5,442.00** | |